UNITED STATE DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **************************************** | * CIVIL ACTION NO: |
| **Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2** | * * * * * * * * |
| Plaintiff | * **COMPLAINT** |
| vs. | * RE: <br> * 7 Sewall Street, Livermore Falls, ME 04254. <br> * <br> * Mortgage: <br> * December 9, 2004; <br> * Book 6206, Page 201. |
| **Donelle R. Uter and Oral L. Uter** | * * |
| Defendants | * * |
| **************************************** | |

NOW COMES the Plaintiff, Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, by and through its attorneys, Doonan Graves and Longoria LLC, and hereby complains against the Defendants, Donelle R. Uter and Oral L. Uter, as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any court of the United States, upon the filing

of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, in which the Defendants is the obligor and the total amount owed under the terms of the Note is one hundred twenty-seven thousand, seven hundred sixty-three and 93/100 ($127,763.93) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the subject property is located in Maine.

## PARTIES

4. Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2 is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 1761 E. Saint Andrew Place, Santa Ana, CA 92705.

5. The Defendant Donelle R. Uter is a resident of Livermore Falls, County of Androscoggin, and State of Maine

6. The Defendant Oral L. Uter is a resident of Livermore Falls, County of Androscoggin, and State of Maine.

## FACTS

7. On April 30, 2001, by virtue of a Warranty Deed from Carl C. Harrington and Linda M. Harrington, which is recorded in the Androscoggin County Registry of Deeds in **Book 4643, Page 245,** the property situated at 7 Sewall Street, Livermore Falls, County of Androscoggin, and State of Maine, was conveyed to the Defendants, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On December 9, 2004, Defendant Donelle R. Uter executed and delivered to Genisys Financial Corp., a certain Note in the amount of $109,800.00 (herein after referred to as "Note"). Debtors' personal liability is limited and/or extinguished by any bankruptcies filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on December 9, 2004, the Defendants executed a Mortgage Deed in favor of Genisys Financial Corp., securing the property located at 7 Sewall Street, Livermore Falls, ME 04042**,** which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 6206, Page 201** (herein after referred to as "Mortgage"). *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to the Plaintiff by virtue of a Corporation Assignment of Mortgage dated March 31, 2015, and recorded in the Androscoggin County Registry of Deeds in **Book 9119, Page 62** (herein after referred to as the "Assignment"). *See* Exhibits D (a true and correct copy of the Assignment is attached hereto and incorporated herein).

11. On June 11, 2015, the Defendants were sent a Notice of Right to Cure, which was received by Defendant Oral L. Uter on June 22, 2015, and received by Defendant Donelle R. Uter on June 29, 2015 (herein after referred to as the "Demand Letter"). *See* Exhibit E (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

12. The Demand Letter informed the Defendants of the payment due date; the total amount necessary to cure the default, and the deadline by which the default must be cured, which was no more than thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit E.

13. The Defendants failed to cure the default prior to the expiration of the Demand Letter.

14. Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2 is the present holder of the Note pursuant to possession of the note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

15. Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2 is the lawful holder and owner of the Note and Mortgage.

16. The total debt owned under the Note and Mortgage as of July 1, 2016, is one hundred twenty-seven thousand, seven hundred sixty-three and 93/100 ($127,763.93), which includes: unpaid principal in the amount of one hundred one thousand, eight hundred twenty-four dollars and 39/100 ($101,824.39); interest due in the amount of sixteen thousand, four hundred fifty-three dollars and 13/100 ($16,453.13); escrow advance in the amount of seven thousand, six hundred seventeen dollars and 92/100 ($7,617.92); a credit for suspense balance to be credited in the amount of one hundred sixteen dollars and 47/100 ($116.47); total fees in the amount of ninety-six dollars and 68/100 ($96.68); and recoverable balance in the amount of one thousand, eight hundred eight-eight dollars and 28/100 ($1,888.28).

17. Upon information and belief, the Defendants are presently in possession of the subject property originally secured by the Mortgage.

COUNT I – FORECLOSURE

18. Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, repeats and realleges paragraphs 1 through 17 as if fully set forth herein.

19. This is an action for foreclosure respecting a real estate related mortgage and title located at 7 Sewall Street, Lebanon, County of Androscoggin, and State of Maine. *See* Exhibit A.

20. The Plaintiff is the holder of the Note referenced in Paragraph 5 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff has the right to foreclosure upon the subject property.

21. Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, is the current owner and investor of the aforesaid Mortgage and Note.

22. Defendants Donelle R. Uter and Oral L. Uter are presently in default on said Mortgage and Note, having failed to make the monthly payment due June 1, 2014, and all subsequent payments, and therefore, has breached the condition of the aforesaid Mortgage and Note.

23. The total debt owned under the Note and Mortgage as of July 1, 2016, is one hundred twenty-seven thousand, seven hundred sixty-three and 93/100 ($127,763.93), which includes: unpaid principal in the amount of one hundred one thousand, eight hundred twenty-four dollars and 39/100 ($101,824.39); interest due in the amount of sixteen thousand, four hundred fifty-three dollars and 13/100 ($16,453.13); escrow advance in the amount of seven thousand, six hundred seventeen dollars and 92/100 ($7,617.92); a credit for suspense balance to be credited in the amount of one hundred sixteen dollars and 47/100 ($116.47); total fees in the amount of ninety-six dollars and 68/100 ($96.68); and recoverable balance in the amount of one thousand, eight hundred eight-eight dollars and 28/100 ($1,888.28).

24. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of the these proceedings affecting the mortgaged premises at issue herein.

25. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate as effected by the Defendants' discharge in bankruptcy and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks an in rem judgment against the subject property.

26. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants on June 11, 2015, as evidenced by the Demand Letter.  *See* Exhibit E.

27. The Defendants is not in the Military as evidenced by the attached Exhibit F.

COUNT II – BREACH OF NOTE

28. Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. On December 9, 2004, Defendant Donelle R. Uter executed and delivered Genisys Financial Corp., a certain Note under seal in the amount of $109,800.00.  *See* Exhibit B.

30. Defendant Donelle R. Uter is in default under the terms of the Note for failure to properly tender the June 1, 2014, payment, and all subsequent payments. *See* Exhibit E.

31. Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants.

32. The Defendants, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

33. Defendant Donelle R. Uter's breach is knowing, willful, and continuing.

34. Defendants Donelle R. Uter and Oral L. Uter has caused Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, to suffer actual damages, including, but not limited to, money lent, interest, expectancy damages, as well as attorney's fees and costs.

35. The total debt owned under the Note and Mortgage as of July 1, 2016, is one hundred twenty-seven thousand, seven hundred sixty-three and 93/100 ($127,763.93), which includes: unpaid principal in the amount of one hundred one thousand, eight hundred twenty-four dollars and 39/100 ($101,824.39); interest due in the amount of sixteen thousand, four hundred fifty-three dollars and 13/100 ($16,453.13); escrow advance in the amount of seven thousand, six hundred seventeen dollars and 92/100 ($7,617.92); a credit for suspense balance to be credited in the amount of one hundred sixteen dollars and 47/100 ($116.47); total fees in the amount of ninety-six dollars and 68/100 ($96.68); and recoverable balance in the amount of one thousand, eight hundred eight-eight dollars and 28/100 ($1,888.28).

36. By virtue of the Defendants' breach of the Note, the Plaintiff hereby demands a judgment on the Note as effected by the Defendants' discharge in bankruptcy and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks an in rem judgment against the subject property.

37. Injustice can only be avoided by awarding damages for the total amount owned under the note, including interest, plus costs and expenses, including attorney's fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

38. Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

39. By executing, under seal, and delivering the Note, Defendant Donelle R. Uter entered into a written contract with Genisys Financial Corp., who agreed to loan the amount of one hundred nine thousand, eight hundred dollars and 00/100 ($109,800.00) to the Defendants. *See* Exhibit B.

40. As part of this contract and transaction, Defendants Donelle R. Uter and Oral L. Uter executed a Mortgage to secure the Note and the subject property. *See* Exhibit C.

41. Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, is the proper holder of the Note and successor-in-interest to Genisys Financial Corp., and has performed its obligations under the Note and Mortgage.

42. Defendants Donelle R. Uter and Oral L. Uter breached the terms of the Note and Mortgage by failing to properly tender the June 1, 2014, payment, and all subsequent payments. *See* Exhibit E.

43. Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants.

44. Defendants Donelle R. Uter and Oral L. Uter, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

45. Defendants Donelle R. Uter and Oral L. Uter are indebted to Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2 in the sum of one hundred twenty-seven thousand, seven hundred sixty-three dollars and 93/100 ($127,763.93), for money lent by Plaintiff to the Defendants.

46. Defendant Donelle R. Uter's breach is knowing, willful, and continuing.

47. Defendants Donelle R. Uter and Oral L. Uter's have caused Plaintiff Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, to suffer actual damages, including, but not limited to, money lent, interest, expectancy damages, as well as attorney's fees and costs.

48. The total debt owned under the Note and Mortgage as of July 1, 2016, is one hundred twenty-seven thousand, seven hundred sixty-three and 93/100 ($127,763.93), which includes: unpaid principal in the amount of one hundred one thousand, eight hundred twenty-four dollars and 39/100 ($101,824.39); interest due in the amount of sixteen thousand, four hundred fifty-three dollars and 13/100 ($16,453.13); escrow advance in the amount of seven thousand, six hundred seventeen dollars and 92/100 ($7,617.92); a credit for suspense balance to be credited in the amount of one hundred sixteen dollars and 47/100 ($116.47); total fees in the amount of ninety-six dollars and 68/100 ($96.68); and recoverable balance in the amount of one thousand, eight hundred eight-eight dollars and 28/100 ($1,888.28).

49. By virtue of the Defendants' breach of the Note, the Plaintiff hereby demands a judgment on the Note as effected by the Defendants' discharge in bankruptcy and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks an in rem judgment against the subject property.

50. Injustice can only be avoided by awarding damages for the total amount owned under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney's fees.

## COUNT IV – QUANTUM MERUIT

51. Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, repeats and realleges paragraphs 1 through 50 as if fully set forth herein.

52. Genisys Financial Corp., predecessor-in-interest to Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, loaned Defendants Donelle R. Uter and Oral L. Uter $109,800.00. *See* Exhibit B.

53. Defendants Donelle R. Uter and Oral L. Uter are in default under the terms of the Note and Mortgage by failing to properly tender the June 1, 2014, payment, and all subsequent payments. *See* Exhibit E.

54. As a result of the Defendants' failure to perform under the Note and Mortgage, the Defendants have been unjustly enriched at the expense of the Plaintiff, Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2.

55. By virtue of the Defendants' breach, the Plaintiff hereby demands a judgment as effected by the Defendants' discharge in bankruptcy and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks an in rem judgment against the subject property.

56. As such, Plaintiff Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

57. Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, repeats and realleges paragraphs 1 through 56 as if fully set forth herein.

58. Genisys Financial Corp., predecessor-in-interest to Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, loaned Defendants Donelle R. Uter and Oral L. Uter $109,800. *See* Exhibit B.

59. Defendants Donelle R. Uter and Oral L. Uter has failed to repay the loan obligation under the terms of the Note and Mortgage.

60. As a result, Defendants Donelle R. Uter and Oral L. Uter have been unjustly enriched to the detriment of the Plaintiff, Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, as successor-in-interest to Genisys Financial Corp., by having received the aforesaid benefits and money and not repaying the said benefits and money.

61. By virtue of the Defendants' breach, the Plaintiff hereby demands a judgment as effected by the Defendants' discharge in bankruptcy and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks an in rem judgment against the subject property.

62. As such, Plaintiff Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, is entitled to relief and damages as effected by the Defendants' discharge in bankruptcy and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks an in rem judgment against the subject property.

<u>PRAYERS FOR RELIEF</u>

WHEREFORE, Plaintiff, Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, prays this Honorable Court, subject to the Defendants' discharge in bankruptcy:

a) Issue a judgment of foreclosure in conformity with Maine Title 14 § 6322;

b) Grant possession to the Plaintiff upon the expiration of the period of redemption;

c) Find that Defendant Donelle R. Uter is in breach of the Note by failing to make the payment due as of June 1, 2014, and all subsequent payments;

d) Find that the Defendants is in breach of the Mortgage by failing to make the payment due June 1, 2014, and all subsequent payments;

e) Find that Defendants entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that that Defendants is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due June 1, 2014, and all subsequent payments;

g) Find that Plaintiff is entitle to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendants has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles Plaintiff to restitution;

j) Find that the Defendants is liable to the Plaintiff for money had and received;

k) Find that the Defendants is liable to the Plaintiff for quantum meruit;

l) Find the Defendants have appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendants to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff is entitle to restitution for this benefit from the Defendants;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees, and court costs;

p)  Additionally, issue a money judgment against the Defendants and in favor of Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2, in the amount of one hundred twenty-seven thousand, seven hundred sixty-three dollars and 93/100 ($127,763.93), the total debt owned under the note plus interest and costs, including attorney's fees and costs;

q)  That all such relief be subject to the Defendants' discharge in bankruptcy and limited to in rem relief concerning the subject property located at 7 Sewall Street, Livermore Falls, ME 04254; and

r)  For such other and further relief as this Honorable Court deems just and equitable.

    Respectfully Submitted,
Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Inc. Trust 2005-NC2, Mortgage Pass-Through Certificates, Series 2005-NC2,
By its attorneys,

Dated: July 22, 2016

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 225D
Beverly, MA 01915
Tel. (978) 921-2670